BENTON, Judge,
concurring, in part and dissenting, in part.
I concur in Part I of the majority opinion and would affirm the conviction for violating Code § 18.2-370.1. I do not join in *446 Part II and, for the reasons that follow, I would reverse the conviction for violating Code § 18.2-371.
The indictment charged that “Michael Joseph DeAmicis, an adult, did unlawfully contribute to, encourage, or cause an act, omission, or condition which rendered a minor female child in need of services, abused, or neglected [in violation of] ... Code § 18.2-371.” At trial, the prosecutor argued that the evidence proved that the teenage child was rendered in need of services by DeAmicis’ conduct.
For the reasons more fully stated in the panel’s opinion, see DeAmicis v. Commonwealth, 29 Va.App. 751, 757-58, 514 S.E.2d 788, 791-92 (1999), I would hold that the evidence failed to prove the teenage child was rendered in need of services. Furthermore, no evidence established that she suffered from a mental injury or any other injury from DeAmicis’ conduct. As the majority notes, before the teenage child met DeAmicis, she.“‘was having problems’ with ‘anxiety attacks,’ school attendance, drugs, ‘sexual promiscuity,’ and had attempted suicide.” She had also unsuccessfully participated in other counseling sessions. Although DeAmicis violated Code § 18.2-370.1 while photographing the teenage child, no evidence proved the child was rendered in need of services or suffered injuries by his conduct. Rather, the evidence proved that after her “counseling” with DeAmicis she “returned to public school and soon evidenced much improved academic performance, motivation, ambition, and otherwise constructive behavior.” On this record, the evidence failed to prove the violation of Code § 18.2-371 alleged by the Commonwealth.